United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-51347
Summary Calendar

———————————

CONTINA GRAHAM; ET AL.,

Plaintiffs,

CONTINA GRAHAM,

Plaintiff-Appellant,

versus

HIGHLAND MALL JOINT VENTURE; ET AL.,

Defendants,

LONNIE EDWARDS, Senior Patrol Officer,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-305-SC
--------------------

Before BARKSDALE, EMILIO M. GARZA, DENNIS, Circuit Judges.

PER CURIAM:[*]

Contina Graham filed the instant suit pursuant to 42 U.S.C.
§§ 1982, 1983 and state law to challenge events that occurred while
she was Christmas shopping with her husband. The trial judge
granted defendant Lonnie Edwards' FED. R. CIV. P. 50 motion for
judgment as a matter of law as to some of her claims, and a jury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

returned a verdict for Edwards as to the remainder of her claims. Graham appeals only the trial judge's grant of Edwards' Rule 50 motion concerning Graham's state-law slander claim. Graham does not dispute the trial judge's finding that she failed to show that Edwards made a defamatory statement about her. Rather, she argues that her evidence was sufficient to show that Edwards slandered her through his conduct alone. She further argues that Edwards is not entitled to privilege or immunity in connection with the actions of which she complains.

Judgment as a matter of law is proper when a party has presented his entire case to a jury and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Price v. Marathon Cheese Corp., 119 F.3d 330, 333 (5th Cir. 1997) (internal quotation and citation omitted). This court reviews a trial court's "decision to grant judgment as a matter of law de novo, applying the same legal standard as" that court. Id.

Graham has not shown that Texas law recognizes a cause of action for slander based on conduct alone. She thus has not shown that the trial judge erred in granting Edwards' motion. Because she has not made this showing, there is no need to consider her contention that Edwards is not entitled to immunity or privilege. The judgment of the trial court is AFFIRMED.